# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**SHIRLEY RILEY,**

    **Plaintiff,**

vs.                                            **Case No. 1:23-cv-00170-AW-MAF**

**CHARLOTTE JUANITA**
**JOHNSON**
**Et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Shirley Riley, a non-prisoner, filed a civil rights complaint along with a motion to proceed in *in forma pauperis* (IFP). ECF Nos. 1, 2. The Court denied the IFP motion and ordered Plaintiff to refile it or, alternatively, pay the $402 filing fee. ECF No. 4. Plaintiff's second IFP motion was also denied. ECF Nos. 5, 6. With sufficient time remaining, the Court again ordered Plaintiff to refile her IFP motion or pay the filing fee. ECF No. 6. When Plaintiff did not comply, the Court ordered Plaintiff to show good cause why this case should not be dismissed for failure to comply with court orders or for lack of prosecution. ECF No. 7. Plaintiff did not respond.

As of the date of the drafting of this Report, Plaintiff has not complied with court orders. As explained below, this case should be dismissed.

I.   **Plaintiff's Complaint, ECF No. 1.**

Plaintiff sued Johnson and Johnson Roofing and Charlotte Johnson, the owner, alleging that her roof has failed three times, the screws are "popping off"; and the roof is not yet two years old. ECF No. 1, p. 1-5. Plaintiff claims that Defendants refused to give her any paperwork about the roof. Id., p. 4. Plaintiff claims she "was lied to about thousands of dollars of rotting wood under [her] roof." Id., p. 6. Plaintiff seeks $25,000, a new roof, and the repair of the rotting wood on her home. Id.

II.  **Plaintiff Failed to File a Proper IFP Motion and Did Not Pay the Filing Fee.**

The Local Rules for the Northern District of Florida provide that "[a] party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . [and] must simultaneously file a financial affidavit." N.D. Fla. Loc. R. 5.3. Plaintiff's first IFP motion, ECF No. 2, contained certain discrepancies, specifically, Plaintiff did not disclose the estimated value of her home. The Court advised Plaintiff of the discrepancies and ordered her to refile the IFP motion or pay the fee by **July 27, 2023**, and warned no further action would be taken on the case without a proper motion or the fee. Id. The Court also warned Plaintiff that failure to comply with court orders would result in a recommendation of dismissal. Id.

Plaintiff's second IFP motion was filed on July 10, 2023, but it still contained similar deficiencies; and, because her expenses exceeded her reported income, it was implausible. ECF Nos. 5, 6. Again, the Court advised Plaintiff of the deficiencies, ordered her to file a proper IFP motion or pay the fee, and gave the same warnings: no action would be taken without compliance and failure to comply could result in dismissal. ECF No. 6. Plaintiff did not respond. Accordingly, the Court issued an order to show cause and redirected Plaintiff to comply with the previous orders by **August 16, 2023**. ECF No. 7. Plaintiff did not respond.

### III.   Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not

suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to comply with three court orders to file a proper IFP motion or pay the fee. ECF Nos. 4, 6, 7. This case has been pending since June 28, 2023. ECF No. 1. Plaintiff had liberal opportunity to comply. Dismissal is proper.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** for failure to comply with N.D. Fla. Loc. R. 5.3 and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where ethe litigant has been forewarned, generally is not an abuse of discretion."). Finally, it is **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on August 17, 2023.

                                              s/ Martin A. Fitzpatrick
                                              **MARTIN A. FITZPATRICK**
                                              **UNITED STATES MAGISTRATE JUDGE**